Ronald D. Roach (AZ Bar No. 022662)
**RDR LAW, PLC**
2550 W. Union Hills Dr., Suite 350
Phoenix, Arizona 85027
Tel: 480.828.0042
ron.roach@rdrlawplc.com

Anthony J. Davis (NJ Bar No. 033811992)
**OGC SOLUTIONS, LLP**
1 Gatehall Drive, Suite 100
Parsippany, NJ 07054
Tel: 201.712.1616
adavis@ogcsolutions.com
(pro hac vice application to be filed)

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scoop Soldiers Service Company, LLC, a Texas limited liability company, | CASE NO.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Top Paw Distributing LLC, an Arizona limited liability company; Top Paw, LLC, an Arizona limited liability company; and Carl Gregory, an individual, | |
| Defendants. | |

Plaintiff Scoop Soldiers Service Company, LLC, a Texas limited liability company, ("Plaintiff," "SSSC" or "Scoop Soldiers"), by and through the undersigned counsel, seeks relief for *inter alia* trademark infringement and unfair competition by Defendants Top Paw Distributing LLC, an Arizona limited liability company, Top Paw LLC, an Arizona limited liability company, and Defendant Carl Gregory, a resident of the state of Arizona (collectively "Defendants"). In support of this action, Plaintiff alleges as follows:

/ / /

**NATURE OF THE ACTION**

1. This is a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*; false designation of origin and false advertising under 15 U.S.C. § 1125(a); and common law trademark infringement and unfair competition under Arizona common law.

2. Long before the Defendants, Plaintiff Scoop Soldiers adopted and began using its "SCOOP SOLDIERS" trademark in connection with its business providing pet waste removal services and other related services (the "Scoop Services"). In addition to its extensive common law rights, Scoop Soldiers has a registered trademark on the Principal Register that was issued by the United States Patent Trademark Office ("USPTO") on November 5, 2019 bearing Reg. Number 5,905,187 (the "Scoop Mark"). See a true and correct copy of the Plaintiff's USPTO Certificate of Registration for its Scoop Mark which is attached hereto as **Exhibit A**.

3. On January 23, 2019, Plaintiff also registered its trademark as a Domain Name, a name that matches its federally registered trademark, and has continuously done business using that website URL for its pet waste removal business: **SCOOPSOLDIERS.COM**.

4. Scoop Soldiers brings this lawsuit to stop the ongoing consumer and market confusion and the resulting harm that Defendants have caused by adopting and using Plaintiff's trademark in connection with the offering of identical pet waste removal service in the state of Arizona.

5. Specifically, Defendants have adopted and are using the trademark "SCOOP SOLDIER" in a Domain Name offering identical services to consumers and Defendants are therefore trading off the reputation and goodwill that Plaintiff has earned through years of hard work and investment, and is thereby unlawfully causing confusion in the marketplace.

6. Because there is no harm that is more irreparable than the loss of reputation that this confusion has and will continue to cause, Scoop Soldiers asks the Court to stop Defendants from using "SCOOP SOLDIER" or any other confusingly similar mark, and

adopt a non-infringing name, mark and website domain name for its business.

**PARTIES**

7. Plaintiff Scoop Soldiers Service Company, LLC, is a Texas limited liability company, with a principal place of business located at 15315 Plum Lane, McKinney, Texas 75072.

8. Defendant Top Paw Distributing LLC is an Arizona limited liability company, with a principal place of business located at 3219 E. Camelback Rd., Suite 380, Phoenix, Arizona 85018. It is operated and managed by Defendant Top Paw LLC.

9. Defendant Top Paw LLC is an Arizona limited liability company, with a principal place of business located at 3219 E. Camelback Rd., Suite 380, Phoenix, Arizona 85018. It is owned and managed by Defendant Carl Gregory.

10. Defendant Carl Gregory ("Gregory") is an individual with an address of 3219 E. Camelback Rd., Suite 380, Phoenix, Arizona 85018, and is the owner and Manager of Defendants Top Paw Distributing LLC and Top Paw, LLC.

11. Defendant Gregory is responsible for the unlawful conduct alleged herein, and at all times referenced was the agent and/or servant and/or owner/principal/manager of Defendants Top Paw Distributing LLC and Top Paw, LLC, and/or was acting within the course and scope of said agency and/or ownership.

12. Defendant Gregory personally participated in, directed, authorized and/or approved the unlawful activities described herein, or used Defendants Top Paw Distributing LLC and Top Paw, LLC in a willful and intentional manner to carry out the unlawful activities described herein.

13. Defendant Gregory, at all relevant times herein, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by his inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendant Gregory has a non-delegable duty to prevent such acts and the behavior described herein, which duty he failed and/or refused to perform.

/ / /

## JURISDICTION AND VENUE

14. This Court has jurisdiction under 28 U.S.C. § 1338 because this action arises under an Act of Congress related to trademarks. This Court also has jurisdiction under 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction over the state law claims because they are so related to the claims arising under federal law that they form part of the same case and controversy under Article III of the United States Constitution.

15. This Court has personal jurisdiction over SSSC and Defendants, and venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) and (c) because SSSC is being harmed in this District where a substantial part of the events or omissions giving rise to these claims occurred; and Defendants reside in and are located and registered to do business in this District; and Defendants are is unlawfully using and infringing upon Plaintiff's "SCOOP SOLDIERS" trademark in this District.

## FACTUAL BACKGROUND

16. Scoop Soldiers began operations in 2010 as Pooper Troopers USA, LLC, its ("Predecessor"), in Texas offering pet waste removal service.

17. Scoop Soldiers eventually began to offer franchise opportunities through the United States. Between 2014 – 2015, Predecessor expanded into many areas throughout Texas including the Dallas-Forth Worth metroplex, Austin, San Antonio, and Houston.

18. In 2017, Predecessor expanded into the Phoenix, Arizona market offering the Scoop Services under a different mark.

19. On January 23, 2019, Scoop Soldiers' Predecessor filed U.S. Serial No. 88273715 ("the '715 Application") with the USPTO for the mark SCOOP SOLDIERS with a date of first use of June 1, 2019. On the same day, Scoop Soldiers' Predecessor registered the domain name SCOOPSOLDIERS.COM (the "Scoop Domain Name").

20. The '715 Application did not face any basis for refusal during the examination period. After the '715 Application was approved for publication, Scoop Soldiers incorporated in Texas as a limited liability company on May 16, 2019.

21. On August 12, 2019, Scoop Soldiers' Predecessor assigned all rights, title, interest and goodwill in the '715 application to Scoop Soldiers including all rights, title and interest in the Scoop Domain Name.

22. On November 5, 2019, the '715 Application for the SCOOP SOLDIERS Mark matured into U.S. Registration No. 5905187.

23. Since 2019, Scoop Soldiers' Predecessor has offered the Scoop Services under the Scoop Mark through the United States. Scoop Soldiers has offered and continues to offer franchise opportunities under the Scoop Mark. By 2023, Scoop Soldiers had ninety-six (96) franchised territories in 16 states.

24. Since 2019, Scoop Soldiers has been providing the Scoop Services within the Phoenix, Arizona territory under the Scoop Mark.

25. Scoop Soldiers' homepage can be found at https://www.scoopsoldiers.com/. The following is a screenshot excerpt of Plaintiff's current website homepage displaying its trademark to the public:



26. In 2022, Scoop Soldiers awarded the Phoenix, Arizona market to a franchisee, Thompson Romney PHX LLC (the "Scoop Franchisee"). The Scoop Franchisee continues to provide Scoop Services under the Scoop Mark in the Phoenix market.

27. Scoop Soldiers is well-known in the industry and numerous mainstream outlets have featured and/or reported about its business and the Scoop Services. In fact, *Inc.* Magazine has twice listed Scoop Soldiers within its *Inc*. 5000 list.

28. As a result of the excellent qualities of the Scoop Services, the widespread association of the Scoop Mark and the Scoop Domain Name with Plaintiff, the continuous, significant, and substantially exclusive use of the Scoop Mark, the registration of the Scoop Mark, and the extensive sales and advertising of same, Scoop Soldiers has established substantial trademark rights in the Scoop Mark.

29. Defendants Top Paw Distributing LLC and Top Paw LLC (collectively "Top Paw") is a distributor of pet care products such as pet urine removers, pet toys, and pet foods that also offers pet waste removal services in Phoenix, Arizona.

30. Top Paw offers competing pet waste removal services through its website named: https://poopydoo.com/. The following is a screenshot excerpt of Defendants' current website homepage:



31. In 2022, Top Paw registered the domain name SCOOPSOLDIER.com (the "Top Paw Domain"). The Top Paw Domain is identical to the Scoop Domain Name, but omits the second letter "s" in "soldiers."

32. The Top Paw Domain is confusing similarity to the Scoop Mark and the Scoop Domain.

33. Defendants have misused the Top Paw Domain by automatically redirecting anyone that tries to access the Top Paw Domain to their www.poopydoo.com website where they are offered identical pet waste removal services as those being offered by Scoop Soldiers under the Scoop Mark.

34. Scoop Soldiers has developed substantial goodwill through its use of its "SCOOP SOLDIERS" trademark in conjunction with its services and business activities by means of extensive sales and marketing efforts.

35. As a result of its infringing conduct, Defendants have created consumer confusion which is ongoing and continuing.

36. As a result of Defendants' unlawful conduct, Plaintiff was compelled to file this action to protect its reputation and its trademark rights.

## INJURY TO SCOOP SOLDIERS AND THE PUBLIC

37. Defendants' unauthorized use of the confusingly similarly "SCOOP SOLDIER" in the Top Paw Domain has caused confusion and, if not enjoined, is likely to cause continued and increased confusion, mistake, and deception between the source of origin of Plaintiff's services, its business, and/or its commercial activities and Defendants, their goods and services, their business, and/or their activities.

38. Defendants' actions described herein are likely to dilute the distinctive quality of the Scoop Mark by blurring and/or tarnishment.

39. Defendant's unauthorized use of the Scoop Mark has damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Plaintiff, its trademark, its reputation and goodwill associated with its mark, and the public's interest in being free from confusion, mistake, and deception.

40. Defendants knew, or should have known, that their unauthorized use of the Scoop Mark violates Plaintiff's rights in its trademark. Thus, Defendants have acted knowingly, willfully, in reckless disregard of Plaintiff's rights, and in bad faith.

41. Plaintiff has no adequate remedy at law.

**FIRST CAUSE OF ACTION**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1051 et *seq.*)**

42. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

43. The infringing mark and domain name used by Defendants is virtually identical to and is so similar as to be an infringing colorable imitation of the Scoop Mark, and Defendants' use of the infringing mark and domain is likely to cause confusion, mistake, or deception in that consumers are likely to believe that the Defendants are in some manner affiliated with, approved by, associated with, sponsored by or connected with Plaintiff. Defendants' use of the infringing mark and domain is likely to cause consumer confusion and mistake, or to deceive as to the origin or approval of the associated services.

44. Defendants have willfully used the infringing mark and domain in commerce to advertise and sell the identical services as Plaintiff, namely, the pet waste removal services.

45. Defendants' actions have damaged Plaintiff's business, reputation, and goodwill.

*46.* Defendants' actions constitute trademark infringement under 15 U.S.C. § 1051, *et seq.*

**SECOND CAUSE OF ACTION**
**FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a)(1)(A))**

47. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 46 as though fully set forth herein.

/ / /

48. The infringing mark and domain used by Defendants is virtually identical to and is so similar as to be an infringing colorable imitation of Plaintiff's Scoop Mark, and Defendants' use of the infringing mark and domain is likely to cause confusion, mistake, or deception in that customers are likely to believe that the Defendants are in some manner approved by, associated with, sponsored by or connected with Plaintiff.  Defendants' use of the infringing mark is likely to cause consumer confusion and mistake, or to deceive as to the origin or approval of the associated goods and services.

49. Defendants have willfully used the infringing mark and domain in conjunction with their goods and services and in their advertisements, with full knowledge that the infringing mark and domain is confusingly similar to Plaintiff's Scoop Mark.

50. Defendants' actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Plaintiff, its goods and/or services, and/or its commercial activities by or with Defendants, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

51. If not stopped, Defendants will continue to harm Plaintiff irreparably, leaving Plaintiff with no adequate remedy at law.

52. Defendants' acts have damaged Plaintiff's business, reputation and goodwill.

53. Defendants' actions constitute false designation under 15 U.S.C. § 1125.

### *THIRD CAUSE OF ACTION*
### COMMON LAW TRADEMARK INFRINGEMENT

54. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 53 as though fully set forth herein.

55. Defendants' aforesaid acts and use of the infringing mark and domain tends to falsely represent that Defendants' services are legitimately affiliated with, connected to, associated with, approved by or sponsored in some way by Plaintiff.  Defendants' use of

the infringing mark and domain is likely to cause consumer confusion or mistake, or to deceive as to the origin or approval of the associated services, and further tends to cause consumer confusion as to origin.

56. Defendants' aforesaid acts are greatly and irreparably damaging to Plaintiff and will continue to inflict irreparable damage unless enjoined by this Court; without this result, Plaintiff is without adequate remedy at law.

57. Defendants' aforesaid acts are carried out willfully and in full knowledge that their infringing mark and domain infringes on and tends to create confusion with Plaintiff's Scoop Mark. Defendants' aforesaid acts are carried out willfully and in full knowledge that its use of Plaintiff's Scoop Mark infringes on Plaintiff's rights.

58. If not stopped, Defendants will continue to harm Plaintiff irreparably, leaving Plaintiff with no adequate remedy at law.

59. Defendants' acts have damaged Plaintiff's business, reputation and goodwill.

60. Defendants' unlawful actions constitute common law trademark infringement.

### FOURTH CAUSE OF ACTION
### COMMON LAW UNFAIR COMPETITION

61. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 60 as though fully set forth herein.

62. Defendants' aforesaid acts enable and will continue to enable Defendants to obtain the benefit of and trade off the goodwill of Plaintiff.

63. Defendants' aforesaid acts damage and will continue to damage Plaintiff's goodwill in that Plaintiff does not have control over the business and services of Defendants.

64. Defendants' aforesaid acts have caused, and are likely to continue to cause, confusion, mistake, or deception of the public.

65. Defendants' aforesaid acts will and have result in unfair competition and unjust enrichment of Defendants.

66. Defendants' aforesaid acts are greatly and irreparably damaging to Plaintiff and will continue to inflict irreparable damage unless enjoined by this Court; without this result, Plaintiff is without adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including the following:

1. For a decree permanently enjoining and restraining Defendants, jointly and severally, from all further use of the Top Paw Domain and from further using, directly or indirectly, Top Paw Domain or any other mark, word or name similar to the Plaintiff's Scoop Mark, which is likely to cause confusion, mistake or to deceive;

2. For an order requiring and mandating that Defendants, jointly and severally, undertake a corrective advertising campaign to undo the confusion and deception caused by its illegal conduct and actions;

3. For an order canceling the domain name: www.*Scoopsoldier.com*;

4. For damages for unfair competition and unjust enrichment in an amount to be proven at trial;

5. For an Order declaring that Defendants' use of the Plaintiff's Scoop Mark in the subject Top Paw Domain name infringes Plaintiff's trademark rights, dilutes Plaintiff's trademark, and constitutes false designation of origin and unfair competition, as detailed above;

6. For a decree permanently enjoining and restraining Defendants, its officers, managers, owners, directors, employees, agents, subsidiaries, related companies, and all persons in active concert or participation with any of them:

   a) From using, registering, or seeking to register any name, mark, logo, trade name, company name, source identifier, or designation comprised of or containing the Plaintiff's Scoop Mark or any other confusingly similar name, mark,

1   logo, trade name, company name, source identifier, or designation (including the
2   words "Scoop" "Soldier" or "Soldiers")  in any manner likely to cause confusion
3   with Plaintiff's Scoop Mark, or to otherwise injure Plaintiff and/or its reputation;

4              b)   From representing, by any means whatsoever, directly or indirectly,
5   that Plaintiff, its services, and/or its activities originate from, are sponsored by,
6   or are associated, affiliated, or connected with Defendants in any way; and

7              c)   From assisting, aiding, and/or abetting any other person or entity in
8   engaging in or performing any of the activities referred to above.

9       7.   An Order requiring Defendants to immediately retract and destroy all signage,
10  advertisements, promotional materials, stationary, forms, and/or materials and things that
11  contain or bear the Plaintiff's Scoop Mark, and/or any other name, mark, trade name,
12  company name, source identifier, or designation that contains or is confusingly similar to
13  or dilutive of Plaintiff's Scoop Mark;

14      8.   An Order requiring Defendants to immediately discontinue and cease all use
15  and operation of its website under the domain name:  www.ScoopSoldier.com or any use
16  of a confusingly similar domain name;

17      9.   An Order directing that, within thirty (30) days after the entry of the
18  injunction, Defendants file with this Court and serve on Plaintiff's attorneys a report in
19  writing and under oath setting forth in detail the manner and form in which Defendants have
20  complied with the injunction;

21      10.  An Order requiring Defendants to account for and pay to Plaintiff all profits
22  arising from Defendants unlawful acts, and increasing such profits, including trebling them,
23  in accordance with 15 U.S.C. § 1117 and other applicable laws;

24      11.  An Order requiring Defendants to pay to Plaintiff punitive damages in an
25  amount to be determined due to the foregoing willful acts of Defendants;

26      12.  An Order requiring Defendants to pay damages, in an amount to be
27  determined (but exceeding $75,000), resulting from Defendants' unlawful acts, and trebling
28  such damages in accordance with 15 U.S.C. § 1117 and other applicable laws;

13. An Order requiring Defendants to pay Plaintiff's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws;

14. An Order requiring Defendants to pay all available damages pursuant to Arizona law; and

15. Other relief as the Court may deem just and proper.

Dated: October 11, 2024

**RDR LAW, PLC**

By /s/ Ronald Roach
RONALD D. ROACH

2550 W. Union Hills Dr., Suite 350
Phoenix, Arizona 85027
Tel: 480.828.0042
ron.roach@rdrlawplc.com

**OGC SOLUTIONS, LLP**

By /s/ Anthony J. Davis
ANTHONY J. DAVIS

1 Gatehall Drive, Suite 100
Parsippany, NJ 07054
Tel: 201.712.1616
adavis@ogcsolutions.com

*Attorneys for Plaintiff*